## Louis Weber & Company, Defendant in Error, v. Jacob M. Levine, Plaintiff in Error.

### Gen. No. 18,559.

1. CHATTEL MORTGAGES, § 54*—*when power of attorney does not give authority to execute acknowledgment.* A power of attorney given to a certain person to make, execute and acknowledge a chattel mortgage will not authorize such person to execute an acknowledgment of a chattel mortgage made by the principal.

2. CHATTEL MORTGAGES, § 48*—*necessity of acknowledgment.* Chattel mortgage not acknowledged pursuant to law is invalid as against bona fide purchasers of the property.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the March term, 1912. Reversed. Opinion filed November 24, 1913. Rehearing denied December 8, 1913.

LOUIS GREENBERG, for plaintiff in error.

BLUM & BLUM, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, brought an action of replevin against the defendant, here the plaintiff in error, in the Municipal Court of Chicago to recover a certain diamond. The officer not recovering the diamond, the plaintiff declared in trover. The cause was submitted to the Court, who found in favor of the plaintiff and entered judgment for seventy-five dollars on the finding.

The action was based on a chattel mortgage given to the plaintiff signed by one Arnold A. Hartman in person and acknowledged by "Arnold A. Hartman by M. W. Bernstein, Attorney in fact," and duly recorded. The power of attorney to said Bernstein authorized and empowered him as said attorney "for me and in my name, place and stead to sign, seal, execute

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

and deliver to Louis Weber & Co., mortgagee, a chattel mortgage upon the goods and chattels this day purchased by me of said mortgagee and in my name, place and stead to appear before Clerk of 1st Municipal Court of Chgo. and duly acknowledge said chattel mortgage and cause the entry of the same.''

The defendant contends that under the said power of attorney, Bernstein was not empowered to acknowledge a chattel mortgage signed by Hartman, and the only mortgage that Bernstein could acknowledge thereunder was a specific chattel mortgage therein described, that is, a chattel mortgage signed by Hartman by the said attorney on certain goods that day purchased by the principal, Hartman. The trial court held the following proposition of law: ''The court holds as a proposition of law that a power of attorney given to a person to make and execute a chattel mortgage, will not authorize the said person to execute an acknowledgment of a mortgage made by the principal (mortgagor) and a chattel mortgage so executed is invalid against bona fide third persons.''

The power of attorney was special, that is, limited to the particular act therein described. It is well settled that a power of attorney is strictly construed. We think it apparent that the acknowledgment of the instrument in question was not within the power of attorney; also that the proposition of law quoted was properly held by the court. The chattel mortgage, not being acknowledged pursuant to law, was invalid and therefore no notice to the defendant, a bona fide holder of the diamond for value, so far as this record shows. The action being based upon the chattel mortgage and there being no right of recovery thereon, the judgment is reversed without remanding the cause.

*Reversed.*